UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

| | |
|---|---|
| IMRAN A. PARACHA, } | |
| ON BEHALF OF HIMSELF AND } | |
| ALL OTHERS SIMILIARLY SITUATED, } | |
| } | |
| Plaintiff, } | Civil Action, File No. |
| v } | |
| } | |
| MRS BPO, L.L.C., } | |
| } | |
| Defendant. } | |

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Imran A. Paracha [hereinafter "Paracha"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendant, MRS BPO, L.L.C. ("MRS"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on MRS' regular transaction of business within this district.  Venue in this district also is proper based on MRS possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district.  MRS also derives substantial revenue from services rendered in this district.  The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this

Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Paracha is a natural person who resides at 571 Colonade Road, West Hempstead, NY 11552.

6. Paracha is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about July 9, 2017, MRS sent Paracha the letter annexed as Exhibit A. Paracha received and read Exhibit A. For the reasons set forth below, Paracha's receipt and reading of Exhibit A deprived Paracha of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, MRS sent Exhibit A to Paracha in an attempt to collect a past due debt.

9. The past due debt set forth in Exhibit A was based on the original creditor giving Plaintiff, as an individual, a student loan for her individual use, and then, as an individual, failing to pay back this student loan to the final assignee of the student loan and current creditor, National Collegiate Student Loan Trust 2007-1 ("NCSLT"). MRS, via Exhibit A, attempted to collect this past due debt from Paracha on behalf of NCSLT in his individual capacity; and Exhibit A did not refer to any kind of business associated with the account. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. MRS is a New Jersey Limited Liability Corporation and a New York Foreign Limited Liability Corporation located in Cherry Hill, NJ.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect personal or household debts from New York City residents must have a Debt Collection

Agency License from the New York City Department of Consumer Affairs.  MRS possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

12. Based upon Exhibit A and upon MRS possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of MRS is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

13. On Exhibit A, MRS identifies itself as a "debt collector" attempting to collect an alleged debt.  Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt" or in connection with the collection of a "debt".

14. Based upon the allegations in the above two paragraphs, MRS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

15. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

16. Exhibit A is the written notice required under 15 USC § 1692g(a).

17. Exhibit A sets forth the amount of the debt on the date of Exhibit A and also contains the following statement:

> "As of the date of this letter, you owe $52,737.16.  Because interest may vary from day to day, the amount due on the day you pay may be greater.  Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check.  For more information, write the undersigned or call 800-932-4491."

18. However, Exhibit A did not explain whether interest actually was accruing and did not explain the basis for the accrual of any interest

19. On the date of Exhibit A, NCSLT actually was accruing interest. See Exhibit B. However, Exhibit A did not set forth what Paracha would need to pay to resolve the debt at any given moment in the future.

20. For one or more of the above reasons, Exhibit A did not set forth the amount of the "debt"; and therefore MRS violated 15 USC § 1692g(a)(1), 15 USC § 1692e, 15 USC § 1692e(2)(A), and 15 USC § 1692e(10) by sending Exhibit A to Paracha.

## SECOND CAUSE OF ACTION-CLASS CLAIM

21. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

22. Exhibit A sets forth the amount of the debt on the date of Exhibit A and also contains the following statement:

> "As of the date of this letter, you owe $52,737.16. Because interest may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check. For more information, write the undersigned or call 800-932-4491."

23. On the date of Exhibit A, NCSLT actually was accruing interest. See Exhibit B. Therefore, the statement set forth in the above paragraph, especially as a result of the use of the words "may", amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC § 1692g(a)(1), 15 USC § 1692e, 15 USC § 1692e(2)(A), and 15 USC § 1692e(10).

## THIRD CAUSE OF ACTION

24. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

25. Paracha does not owe the debt set forth in Exhibit A.

26. Since Paracha does not owe the debt set forth in Exhibit A, MRS violated 15 USC 1692e, 15 USC 1692e(2)(A), 15 USC 1692e(10), 15 USC 1692f, and 15 USC 1692f(1) by sending Exhibit A to Paracha.

## FOURTH CAUSE OF ACTION-CLASS CLAIM

27. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

28. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

## FIFTH CAUSE OF ACTION-CLASS CLAIM

29. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

30. MRS violated 15 USC § 1692g(a)(1) by sending Exhibit A to Paracha.

## CLASS ALLEGATIONS

31. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

32. The class consist of (a) all natural persons (b) who received a letter from MRS dated between July 9, 2017 and the present (c) to collect a past due consumer debt, (d) in a form materially identical or substantially similar to Exhibit A.

33. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

34. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

35. The predominant common question is whether Defendant's letters violate the FDCPA.

36. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

37. A class action is the superior means of adjudicating this dispute.

38. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against MRS in favor of Plaintiff and the class members for statutory damages, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated: July 6, 2018

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107