UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
IMRAN A. PARACHA,
*on behalf of himself and all others similarly situated*,

                Plaintiff,                        **MEMORANDUM & ORDER**
                                                            18-CV-3892 (RRM) (SIL)

   - against -

MRS BPO, L.L.C.,

                Defendant.
-------------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

      Plaintiff Imran A. Paracha ("Paracha") brings this action on behalf of himself and a putative class against defendant MRS BPO, L.L.C. ("MRS"), a debt collector, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. MRS now moves to dismiss for failure to state a claim under Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the reasons stated below, MRS's motion is granted.

## BACKGROUND[1]

      On July 9, 2017, MRS mailed a collection letter to Paracha. (*See* Ex. A to Compl. (Doc. No. 3-1).) At the top of the letter is a text box containing the name of the creditor and the "account balance." The letter begins, "The above referenced creditor has placed your account with our office for collection." Under the subhead "IMPORTANT CONSUMER INFORMATION" the letter then reads: "Unless you notify this office within 30 days after

---

[1] The following facts are drawn from the complaint, (Doc. No. 3), and the letters attached to the complaint, (Ex. A and Ex. B to Compl. (Doc. No. 3-1)), unless otherwise noted. *See Chambers v. Time Warner Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) (finding that, for purposes of a motion to dismiss, courts may consider a "written instrument attached to [the complaint] as an exhibit" (internal quotation marks omitted) (citation omitted)). The Court construes the complaint liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Kim v. Kimm*, 884 F.3d 98, 103 (2d Cir. 2018) (quoting *Chambers*, 282 F.3d at 152).

1

receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid." The letter then continues:

> As of the date of this letter, you owe $52,737.16. Because interest may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check. For further information, write the undersigned or call 800-932-4491.

Paracha alleges that the past due debt referenced in the letter was based on the original creditor giving him a student loan which he failed to pay back. (Compl. (Doc. No. 3) ¶ 9.) MRS was attempting to collect this past due debt on behalf of the current creditor. (*Id*.)

It appears that after he received the letter, Paracha requested information regarding his account. He then received another letter, dated January 23, 2018, stating that the balance had increased by thousands of dollars in the six months since the original letter was sent. (*See* Ex. B to Compl. (Doc. No. 3-2).)

On July 6, 2018, Paracha filed the instant case, alleging five causes of action. First, he claims the letter did not set forth the "amount" of the debt, as it "did not explain whether interest actually was accruing and did not explain the basis for the accrual of any interest," even though the debt was in fact accruing interest at the time. (Compl. ¶ 18–19.) Paracha also alleges that the letter did not explain what he would need to pay to resolve the debt "at any given moment in the future." (*Id*. ¶ 19.) For these reasons, he claims that the letter violated 15 U.S.C. §§ 1692g(a)(1), 1692e, 1692e(2)(A), and 1692e(10). (*Id*. ¶ 20.)

Second, Paracha claims that the letter's representation that the debt "may" be accruing interest, when it was actually accruing interest at the time, "amounted to a false, deceptive or misleading means in connection with the collection of a debt," in violation of 15 U.S.C. §§ 1692g(a)(1), 1692e, 1692e(2)(A), and 1692e(10). (Compl. ¶ 23.)

Third, Paracha claims that he does not owe the debt set forth in the collection letter, and thus, MRS violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(10), 1692f, and 1692f(1), by sending him the letter. (*Id.* ¶ 26.) The fourth and fifth causes of action simply restate the alleged violations.

MRS now moves to dismiss the complaint, arguing that the Court cannot find the letter false, deceptive, or misleading, as it conformed to language explicitly endorsed by the Second Circuit. (Def. Mem. Of Law (Doc. No. 13-1) at 4–5.) Further, MRS argues that the letter accurately and clearly disclosed the amount of the debt. MRS asserts that the FDCPA does not require detailed interest disclosures, and that the cases Paracha cites for this proposition are distinguishable. MRS also contends that Paracha's claim that he does not owe the debt is an unsupported legal conclusion. Finally, MRS argues that the complaint lacks facts suggesting that the alleged violation was material.

For the reasons set forth below, MRS's motion to dismiss is granted and this action is dismissed in its entirety.

## STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) requires a court to evaluate the legal rather than the factual sufficiency of a complaint. "In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege a plausible set of facts sufficient 'to raise a right to relief above the speculative level.'" *Operating Local 649 Annuity Tr. Fund v. Smith Barney Fund Mgmt. LLC*, 595 F.3d 86, 91 (2d Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Detailed facts are not required,

but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. at 679. The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires" the court to "draw on its judicial experience and common sense." *Id.* at 679 (citation omitted).

**DISCUSSION**

Congress enacted the FDCPA to respond to the "use of abusive, deceptive, and unfair debt collection practices by many debt collectors," 15 U.S.C. § 1692(a), and to "protect consumers against debt collection abuses." 15 U.S.C. § 1692(e); *see also Vangorden v. Second Round, Ltd. P'ship*, 897 F.3d 433, 437 (2d Cir. 2018) (quoting § 1692e). Courts interpreting the FDCPA read the statute in light of this legislative purpose. *See Avila v. Riexinger & Assocs., LLC*, 817 F.3d 72, 75 (2d Cir. 2016); *see also Jacobson v. Healthcare Fin. Servs., Inc.*, 516 F.3d 85, 95 (2d Cir. 2008).

Section 1692g requires that a debt collector's initial communication with a consumer contain certain disclosures, including "the amount of the debt." 15 U.S.C. § 1692g(a)(1). This section governs "only the disclosures related to a consumer's need to verify a debt …." *Avila*, 817 F.3d at 76. Section 1692e prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e; *see also Kolbasyuk v. Capital Mgmt. Servs., LP*, 17-CV-7499 (BMC), 2018 WL 1785489, at *1 (E.D.N.Y. Mar. 14, 2018) (internal quotation marks omitted) (citation omitted) (noting that Section 1692e "operates as a backstop" to ensure that a collection notice is not misleading), *aff'd*

918 F.3d 236 (2d Cir. 2019). While a collection letter may satisfy § 1692g, this does not guarantee satisfaction with § 1692e. *See Avila*, 817 F.3d at 76. Finally, Section 1692f bars the use of "unfair or unconscionable means to collect or attempt to collect a debt." 15 U.S.C. § 1692f.

In evaluating FDCPA claims, "courts apply an objective test based on the understanding of the 'least sophisticated consumer.'" *Hogan v. Nat'l Enter. Sys., Inc.*, 18-CV-2267 (JFB) (GRB), 2019 WL 1253393, at *3 (E.D.N.Y. Mar. 9, 2019) (citing *Jacobson*, 516 F.3d at 90). Courts ask how a person without the "sophistication of the average, everyday, common consumer . . . would understand the collection notice." *Taylor v. Fin. Recovery Servs., Inc.*, 886 F.3d 212, 214 (2d Cir. 2018); *see also Avila*, 817 F.3d at 75. The "least sophisticated consumer" is "uninformed, naïve, or trusting," but makes "logical deductions and inferences." *Dewees v. Legal Servicing*, 506 F. Supp. 2d 128, 132 (E.D.N.Y. 2007) (internal quotation marks omitted) (citation omitted). The law aims to shield the vulnerable, while also "preserv[ing] the concept of reasonableness." *Goldtsein v. Diversified Adjustment Serv., Inc.*, No. 17-CV-4729 (BMC), 2017 WL 5592683, at *2 (E.D.N.Y. Nov. 20, 2017) (quoting *Clomon v. Jackson*, 998 F.2d 1314, 1319 (2d Cir. 1993)).

Courts read collection letters as a whole. *See Goldtsein*, 2017 WL 5592683, at *2 ("debt collection letters should be analyzed in their entirety" (citing *Dewees,* 506 F. Supp. 2d at 132)); *see also McStay v. I.C. Sys., Inc.*, 308 F.3d 188, 191 (2d Cir. 2002) (notice on the back of a collection letter sufficed because "a reasonable reader, even if unsophisticated" would read both sides where a "prominent instruction . . . warns that there is important information" on the back). In sum, the central inquiry is whether a consumer, after reading a collection letter in its entirety,

is left "uncertain as to her rights." *Savino v. Comput. Credit, Inc.*, 164 F.3d 81, 85 (2d Cir. 1998).

The central issue before the court is whether MRS's collection letter adequately set forth the amount Paracha owed at the time the letter was sent as required by § 1692g and did so in a manner that was not "false, deceptive, or misleading" under § 1692e. The Court finds that the letter complied with both provisions of the FDCPA because it stated the amount of debt Paracha allegedly owed and, using the *Avila* safe harbor language, sufficiently advised Paracha that the amount of debt may increase over time.

## I.     The Adequacy of MRS's Letter Under Section 1692e

MRS contends that its letter does not violate § 1692e because the letter uses the safe harbor language adopted in *Avila*. In *Avila*, the Second Circuit evaluated two letters that stated each debtor's "'current balance,' but did not disclose [the] balance was continuing to accrue interest or that, if plaintiffs failed to pay the debt within a certain amount of time, they would be charged a late fee." 817 F.3d at 74. The Court determined that the letters were misleading since the debtors could believe that if they paid the balance listed in the letters, their debt would be satisfied in full, when the debts were accruing interest and thus paying the listed amount would not actually satisfy the debt.

*Avila* held that "the FDCPA requires debt collectors, when they notify consumers of their account balance, to disclose that the balance may increase due to interest and fees." *Id.* at 76. The Second Circuit adopted a "safe harbor" formula, originally laid out by the Seventh Circuit in *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872 (7th Cir. 2000). In doing so, the Second Circuit aimed to minimize litigation under the FDCPA, as well as alleviate concerns that requiring collectors to disclose information about interest and fees "might

6

lead to more abusive practices," as collectors "could use the threat of interest and fees to coerce consumers into paying their debts." *Avila*, 817 F.3d at 76. The "safe harbor" language adopted by the Court in *Avila* is as follows:

> As of the date of this letter, you owe $____ [the exact amount due]. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check for collection. For further information, write the undersigned or call 1–800–[phone number].

*Id.* at 77.

The language in the collection letter MRS sent to Paracha is nearly identical to the *Avila* safe harbor language.[2] While use of the *Avila* safe harbor language does not immunize a debt collector in every instance, use of the safe harbor language protects a debt collector from a Section 1692e claim based on "an alleged 'fail[ure] to disclose that the consumer's balance may increase due to interest and fees.'" *Kolbasyuk v. Capital Mgmt. Servs., LP*, 918 F.3d 236, 242 (2d Cir. 2019) (quoting *Avila*, 817 F.3d at 77) (footnote omitted). The Second Circuit, in reaffirming the *Avila* safe harbor language in *Kolbasyuk*, stated that "a failure to provide the additional detailed disclosures . . . does not transform [an] otherwise-straightforward letter into a false, deceptive, or misleading one." *Id.* (internal quotation marks omitted) (citation omitted); *see also Hogan v. Nat'l Enter. Sys., Inc.*, 2019 WL 1253393, at *5.

Paracha argues that use of the word "may" in the collection letter, when the debt was, in fact, accruing interest renders the letter "false, deceptive, or misleading." (Compl. ¶ 23.) He urges the Court to adopt language referenced as an example in *Jones v. Midland Funding, LLC*,

---

[2] The only discrepancy between the *Avila* safe harbor language and the language in the letter at issue here is that the letter in the instant case does not include that "late charges and other charges," in addition to interest, "may vary from day to day." Such charges are not at issue in this case.

7

which used the word "will" rather than "may," and which included more detailed disclosures.³
*See* 755 F. Supp. 2d 393 (D. Conn. 2010). This is the very issue raised by the plaintiff in *Timoshenko v. Mullooly, Jeffrey, Rooney & Flynn, LLP*, who similarly harped on the distinction between "may" and "will," arguing "that Defendant's letter does not qualify for safe harbor because it did not state that the amount of the debt 'will' increase, only that it 'may' increase." No. 17-CV-4472 (ILG), 2018 WL 1582220, at *3 (E.D.N.Y. Mar. 30, 2018). The *Timoshenko* court rejected that argument, concluding that "'[u]sing the language set forth in *Miller* will qualify for safe-harbor treatment, as would the language suggested in *Jones*.'" *Id.* (quoting *Avila*, 817 F.3d at 77). Here, as in *Timoshenko*, the letter used the language from *Miller* and *Avila*, thus qualifying for safe harbor treatment. The Court declines Paracha's invitation to demand more detailed disclosures than *Avila* requires. MRS's "unambiguous disclosure" that Paracha's debt may increase undermines his claim that the language of the letter was anything but clear. *Kolbasyuk*, 918 F.3d at 242. Where, as here, the language of a collection letter tracks *Avila*, clearly states the amount of debt owed, and states that the amount may increase, the letter satisfies § 1692e.

## II. Stating the Amount of the Debt Pursuant to Section 1692g

MRS argues that its letter did not fail to state the amount of the debt in violation of Section 1692g, as the collection letter conformed to the *Avila* safe harbor language. Paracha, in turn, insists that the letter did not adequately state the amount of the debt since it "did not explain whether interest and fees actually were accruing as opposed to may be accruing and did not explain the basis for the accrual of the interest and fees." (Pl. Opp'n (Doc. No. 14) at 8.)

---

³ The court in *Jones* provided the following paragraph as an example of language that, if used in a validation notice, would comply with § 1692g: "As of today, [date], you owe $——. This amount consists of a principal of $——, accrued interest of $——, and fees of $——. This balance will continue to accrue interest after [date] at a rate of $—— per [day/week/month/year]." 755 F. Supp. 2d at 398 & n.7.

8

In *Kolbasyuk*, the Second Circuit clearly stated that the text of § 1692g requires the debt collector to inform the consumer of "the total, present" amount of money the consumer is required to pay the creditor "as of the date of [the debt collector's] letter." 918 F.3d at 240. As in *Kolbasyuk*, "that is exactly the figure [MRS] provided." *Id.* To comply with the statute, MRS did not need to provide the "constituent components of that debt or the precise rates by which it might later increase." *Id.*

Paracha relies on *Carlin v. Davidson Fink LLP*, which requires that certain collection letters provide specific disclosures about the accumulation of fees. 852 F.3d 207 (2d Cir. 2017). The Payoff Statement at issue in *Carlin*, unlike the letter MRS sent to Paracha, listed a "Total Amount Due" that was an estimate of the anticipated payment at a future date. The Payoff Statement said that "the Total Amount Due may include estimated fees, costs, additional payments, and/or escrow disbursements that will become due prior to the 'Statement Void After' date, but which are not yet due as of the date this Payoff Statement is issued." *Carlin*, 852 F.3d at 211. The Payoff Statement in *Carlin* violated § 1692g because it provided an estimated, prospective amount "that Carlin *might* owe, rather than the total, present amount that Carlin *did* owe." *Kolbasyuk*, 918 F.3d at 241. However, here, MRS's letter did not include prospective costs. Rather, it stated the amount Paracha owed as of the date of the letter and indicated that this amount might be higher on the date Paracha pays the debt. Thus, "*Carlin* does not control this case." *Id.* at 240.

Even Paracha acknowledges that the facts in *Carlin* are not "on point" with the facts in the case at bar. (Pl. Opp'n at 9.) Yet Paracha urges the Court to interpret *Carlin* differently than the Second Circuit and other courts in this district. *See, e.g.*, *Kolbasyuk*, 918 F.3d at 241 ("*Carlin* thus presented an altogether different question than CMS's letter to Kolbasyuk, which

9

clearly states the total, present quantity of Kolbasyuk's debt as of the letter's date."); *see also Hogan v. Nat'l Enter. Sys., Inc.*, 2019 WL 1253393, at *5 ("[T]he mandates of *Carlin* are inapplicable where, as here, NES has utilized the safe harbor language and clearly presented the current amount due."); *Kolbasyuk v. Capital Management Services, LP*, 2018 WL 1785489, at *2 ("*Carlin* does not add on additional requirements if the letter already states the minimum amount due, rather than an estimate."); *Timoshenko v. Mullooly, Jeffrey, Rooney & Flynn, LLP*, 2018 WL 1582220, at *3 ("*Carlin*, read in context, does not require this degree of disclosure…."); *Taubenfliegel v. EGS Financial Care, Inc.*, 2018 WL 3079697, at *3 (June 21, 2018 E.D.N.Y.) ("[A]s other judges in this court have recognized, *Carlin* does not require every collection letter to 'provide sufficient information regarding fees and interest for the consumer to determine [his] total outstanding debt at any given moment in the future.'" (internal quotation marks omitted) (citation omitted)). This Court will not deviate from precedent nor apply a legal conclusion from one FDCPA case to another that is not factually similar.

Paracha further contends that since the letter did not state the basis for the accrual of any interest, it does not allow the least sophisticated consumer to determine the amount due. However, use of the safe harbor language gives the debtor "'an explicit warning' that the amount of his debt might increase, and thus 'not even the least sophisticated consumer' could conclude otherwise." *Hogan*, 2019 WL 1253393, at *5 (quoting *Kolbasyuk*, 918 F.3d at 242).

The Court thus finds that the collection letter MRS sent to Paracha, which stated the present amount owed, did not violate § 1692g.

### III.     Paracha's Claim That He Does Not Owe The Debt

Paracha claims that MRS violated §§ 1692e and 1692f by sending him the collection letter since he does not owe the alleged debt. However, he fails to articulate whether his position

is that he does not owe the debt because of alleged FDCPA violations or whether he does not owe the debt at all.  Since the Court finds that the letter did not otherwise violate the FDCPA, this Court cannot conclude that such violations are the reason Paracha does not owe the debt.  Further, the complaint makes no mention of any facts explaining why Paracha does not owe the debt.  In fact, the complaint explicitly acknowledges that the letter sent to Paracha was "an attempt to collect a past due debt" and that this debt "was based on the original creditor giving Plaintiff, as an individual, a student loan for h[is] individual use, and then, as an individual, failing to pay back this student loan . . . ."  (Compl. ¶¶ 8–9.)

Paracha relies on *Vangorden v. Second Round, Ltd. P'ship*, where the Second Circuit held that a plaintiff plausibly alleged that a collection letter he received violated §§ 1692e and 1692f because he did not owe the stated debt.  897 F.3d 433 (2d Cir. 2018).  However, the plaintiff in *Vangorden* alleged facts which are not present in Paracha's complaint.  For example, the plaintiff in *Vangorden* specifically alleged that on November 14, 2011, he made a $571.20 payment to the creditor per the terms of their settlement.  *See id.* at 435.  By contrast, Paracha simply restates his claim, alleging that he "does not owe the debt set forth in [MRS's letter]," and "[s]ince Paracha does not owe the debt," MRS violated the FDCPA by sending the letter to him.  (Compl. ¶¶ 25–26.)

Paracha is correct that at this stage of litigation, the Court must "accept[] as true" all of the factual allegations in the pleading.  *Cohen v. Rosicki, Rosicki & Assocs., P.C.*, 897 F.3d 75, 80 (2d Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  However, his restated claims disguised as factual allegations will not be given any weight.  *See Iqbal*, 556 U.S. at 678.  Given that Paracha's claim is unsupported and appears to be contradicted by other allegations in

the pleading, he has failed to plausibly allege that he does not owe the debt and his claim is dismissed.

## CONCLUSION

For the foregoing reasons, MRS's motion to dismiss, (Doc. No. 13), is granted and all claims are dismissed with prejudice. The Clerk of Court is respectfully directed to enter judgment in favor of MRS and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
      September 27, 2019

*Roslynn R. Mauskopf*

_____
ROSLYNN R. MAUSKOPF
United States District Judge